## L. BETTMAN & COMPANY V. JOHN L. MCCONNELL.

### FILED JUNE 9, 1898.   No. 8142.

**Landlord and Tenant: PAYMENT FOR HEAT: LEASE: EVIDENCE.** In an action by a landlord against his tenant to recover for heating the demised premises, the lease being silent as to the landlord's duties in that respect, evidence set out in the opinion *held* to tend to show that payment for the heat was included in the rent reserved, and that it was error to peremptorily instruct the jury to find for the plaintiff.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Reversed.*

*Stevens & Cochran,* for plaintiffs in error.

*Edwin M. Lamb* and *Ralph E. Johnson, contra.*

IRVINE, C.

John L. McConnell leased to L. Bettman & Co. a store-room and basement and two upper rooms in a building in Lincoln, owned by McConnell, for a term of two years from February 1, 1892. After the term expired he brought this suit to recover for steam heat furnished by him, under an express contract that Bettman & Co. should pay for the same at the rate of $250 per year. Bettman & Co. denied the contract and claimed that the rooms occupied by them were to be heated by McConnell without charge, except as the value might be included in the rent. The court at first submitted the case to the jury, but later gave a peremptory instruction requiring a verdict for the plaintiff for the amount claimed. The giving of this instruction is assigned as error.

The lease reserved a rent of $240 per month, and made no reference to the heating of the rooms, except that the lessees covenanted to keep in repair the gas pipes, water pipes, and steam pipes. There was an express provision that the lessees should pay for water used. The evidence showed that the building contained many rooms

30

besides those leased to defendants; that there was a single steam heating apparatus with connections for heating the whole building; that this apparatus was maintained by plaintiff; that when the lease was made the rooms were being heated from this apparatus, and nothing was then said on the subject. There is evidence tending to show that there were no flues connecting the demised premises with the chimneys so that they could be heated otherwise; that the rent was paid monthly for the whole term, without any demand for pay for the heating or any suggestion that payment was expected, and that no such suggestion was made until after the lease expired; that the steam was turned on when the term began, and that defendants had no control thereover and no means of disconnecting the pipes or discontinuing the use of the steam. There was also evidence tending to prove a local custom for the landlord to furnish steam heat under similar circumstances. Plaintiff's testimony as to an express contract after the lease was made was squarely contradicted. We think the court erred in directing a verdict. It was not a question of contradicting the written contract. The written contract was silent. The plaintiff himself relied on extrinsic evidence. The evidence was conflicting as to an express contract, and if it be assumed that the petition justified a recovery on an implied assumpsit, certainly the evidence referred to tended to rebut any presumption from the furnishing of the heat, that pay therefor beyond the rent reserved was expected, or in good conscience due.

REVERSED AND REMANDED.